CENTER FOR DISABILITY ACCESS
Raymond Ballister Jr., Esq., SBN 111282
Russell Handy, Esq., SBN 195058
Amanda Seabock, Esq., SBN 289900
Zachary Best, Esq., SBN 166035
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
amandas@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Andres Gomez**,<br><br>        Plaintiff,<br><br>    v.<br><br>**Finnegan's Rainbow, Inc.**, a California Corporation County of San Mateo; and Does 1-10,<br><br>        Defendants. | **Case No**.<br><br>**Complaint for Damages and Injunctive Relief for Violations of:** American's With Disabilities Act; Unruh Civil Rights Act<br><br>**NOT RELATING TO A CONSTRUCTION-RELATED BARRIER AS DEFINED IN CAL. CIV. CODE § 55.3** |

Plaintiff Andres Gomez ("Plaintiff") complains of Finnegan's Rainbow, Inc., a California Corporation County of San Mateo ("Defendants"), and alleges as follows:

**PARTIES:**

1.  Plaintiff is a visually-impaired individual and a member of a protected class of persons under the Americans with Disabilities Act. Plaintiff uses JAWS to access the internet and consume website content using his computer, as well as Talkback or similar software to navigate websites and applications on

1

Complaint

1  mobile devices. Plaintiff is legally blind[1] and cannot use a computer without
2  assistance of screen-reader software ("SRS")

3     2.   Defendant Finnegan's Rainbow, Inc. ("Real Estate"), owned or
4  operated Better Homes Real Estate located in San Mateo County, California,
5  in March 2021 and July 2021.

6     3.   Defendant Finnegan's Rainbow, Inc., owns or operates Better Homes
7  Real Estate located in San Mateo County, California, currently.

8     4.   Defendant Finnegan's Rainbow, Inc., owned or operated the Real
9  Estate website, with a root domain of: https://www.gobhg.com/, and all
10 related domains, sub-domains and/or content contained within it,
11 ("Website") in March 2021 and July 2021.

12    5.   Defendant Finnegan's Rainbow, Inc., owns or operates the Real Estate's
13 Website currently.

14    6.   Plaintiff does not know the true names of Defendants, their business
15 capacities, their ownership connection to the property and business, or their
16 relative responsibilities in causing the access violations herein complained of,
17 and alleges a joint venture and common enterprise by all such Defendants.
18 Plaintiff is informed and believes that each of the Defendants herein, is
19 responsible in some capacity for the events herein alleged or is a necessary
20 party for obtaining appropriate relief. Plaintiff will seek leave to amend when
21 the true names, capacities, connections, and responsibilities of the Defendants
22 are ascertained.

23

24    **JURISDICTION & VENUE:**

25

26 [1] Plaintiff uses the terms "visually-impaired" or "blind" interchangeably to
27 refer to individuals, including himself, who meet the legal definition of
28 blindness. (visual acuity of 20/200 or worse.) Some individuals who meet
   these criteria have no vision, others have limited vision.

Complaint

1    7.   The Court has subject matter jurisdiction over the action pursuant to 28
2    U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with
3    Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. ("ADA")
4    8.   This court has supplemental jurisdiction over Plaintiff's non-federal
5    claims pursuant to 28 U.S.C. § 1367 because Plaintiff's Unruh claims are
6    formed from the same case and/or controversy and are related to Plaintiff's
7    ADA claims. A violation of the ADA is a violation of Unruh. (Cal. Code §51(f).
8    9.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b). Defendant
9    is subject to personal jurisdiction in this District due to its business contacts
10   with the District, and a substantial portion of the complained of conduct
11   occurred in this District.

12

13   **FACTUAL ALLEGATIONS:**
14   10. Plaintiff is a legally blind person and a member of a protected class
15   under the ADA. Plaintiff is proficient with and uses SRS to access the internet
16   and read internet content on computers and mobile devices.
17   11. Plaintiff cannot use a computer without the assistance of screen reader
18   software. ("SRS").
19   12. Real Estate operates privileges, goods or services out of a physical
20   location in California. These services are open to the public, places of public
21   accommodation, and business establishments.
22   13. The Website is a nexus between Real Estate's customers and the
23   terrestrial based privileges, goods or services offered by Real Estate.
24   14. The Real Estate offers websites and digital booking as some of the
25   facilities, privileges, and advantages offered by Defendants to patrons of the
26   Real Estate in connection with their patronage at the Real Estate.
27   15. Among the services offered include: details about the houses and the
28   Real Estate itself, location and contact information; Real Estate policies;

Complaint

1  information about houses on sale and rent, deals and promotions without any

2  ambiguity as to the amenities that would be available to the patron.

3   16. Plaintiff was a prospective customer who wished to access Defendant's

4  goods and services of the Real Estate.

5   17. Plaintiff visited the Website in March 2021 and July 2021 with the

6  intent get information about houses on sale in Northern California.

7   18. When Plaintiff attempted to navigate the Website, Plaintiff encountered

8  numerous accessibility design faults that prevented him from navigating the

9  site successfully using SRS. Investigation into his experience revealed barriers,

10  including, but not limited to:

11     a. Images on the website lack a text equivalent readable by

12      SRS.

13     b. The website contains script elements that are not

14      identified with functional text readable by SRS.

15     c. The website contains form elements that are not identified

16      with functional text readable by SRS.

17     d. The visualization of the webpage contains impermissibly

18      low contrast enabling differentiation of background and

19      foreground elements.

20   19. These inaccessible elements rendered the ostensibly "accessible"

21  elements inaccessible as a result of difficulty and confusion navigating the

22  numerous inaccessible elements.

23   20. Currently, the defendants either fail to provide an accessible website or

24  Defendants have failed to maintain in working and useable conditions those

25  website features required to provide ready access to persons with disabilities.

26   21. Despite multiple attempts to access the Website using Plaintiff's

27  computer and mobile device, Plaintiff has been denied the full use and

28  enjoyment of the facilities, goods and services offered by Defendants as a

Complaint

1    result of the accessibility barriers on the Website.

2        22. Plaintiff personally encountered accessibility barriers and has actual

3    knowledge of them.

4        23. By failing to provide an accessible website, the defendants denied

5    Plaintiff full and equal access to the facilities privileges or advantages offered

6    to their customers.

7        24. Plaintiff has been deterred from returning to the Website as a result of

8    these prior experiences.

9        25. The failure to provide accessible facilities created difficulty and

10    discomfort for the Plaintiff.

11        26. If the website had been constructed equally accessible to all individuals,

12    Plaintiff would have been able to navigate the Website and find information on

13    houses on sale.

14        27. Additionally, Plaintiff is a tester in this litigation and seeks future

15    compliance with all federal and state laws. Plaintiff will return to the Website

16    to avail himself of its goods and/or services and to determine compliance with

17    the disability access laws once it is represented to him that the Real Estate and

18    Website are accessible.

19        28. Plaintiff is currently deterred from doing so because of Plaintiff's

20    knowledge of the existing barriers and uncertainty about the existence of yet

21    other barriers on the Website. If the barriers are not removed, Plaintiff will

22    face unlawful and discriminatory barriers again.

23        29. The barriers identified above violate easily accessible, well-established

24    industry standard guidelines for making websites accessible to people with

25    visual-impairments that use SRS to access websites. Given the prevalence of

26    websites that have implemented these standards and created accessible

27    websites, it is readily achievable to construct an accessible website without

28    undue burden on the Real Estate or a fundamental alteration of the purpose of

Complaint

1    the Website.

2       30. Compliance with W3C Web Content Accessibility Guidelines

3    ("WCAG") 2.0 AA standards are a viable remedy for these deficiencies and a

4    standard that has been adopted by California courts for website accessibility.

5       31. It's been established that failure to remove these inaccessible conditions

6    violates the ADA and California law and requiring compliance with industry

7    access standards is a remedy available to the plaintiff.

8       32. The Website was intentionally designed, and based on information and

9    belief, it is the Defendants', policy and practice to deny Plaintiff access to the

10    Website, and as a result, denies the goods and services that are otherwise

11    available to patrons of the Real Estate.

12       33. Due to the failure to construct and operate the website in line with

13    industry standards, Plaintiff has been denied equal access to Defendant's Real

14    Estate and the various goods, services, privileges, opportunities and benefits

15    offered to the public by the Real Estate.

16       34. Given the nature of the barriers and violations alleged herein, the

17    plaintiff alleges, on information and belief, that there are other violations and

18    barriers on the website, and/or at the Real Estate, that relate to his disability.

19    In addition to the barriers he personally encountered, Plaintiff intends to seek

20    removal of all barriers on the Website that relate to his disability. See *Doran v.*

21    *7-Eleven* (9th Cir. 2008) 524 F.3d 1034 (holding that once a plaintiff

22    encounters one barrier, they can sue to have all barriers that relate to their

23    disability removed regardless of whether they personally encountered the

24    barrier).

25       35. Plaintiff will amend the complaint, to provide further notice regarding

26    the scope of the additional demanded remediation in the event additional

27    barriers are uncovered through discovery. However, please be on notice that

28    the plaintiff seeks to have all barriers related to his disability remedied.

Complaint

1

2  **I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS**

3  **WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all

4  Defendants.) (42 U.S.C. section 12101, et seq.)

5     36. Plaintiff re-pleads and incorporates by reference, as if fully set forth

6  again herein, the allegations contained in all prior paragraphs of this

7  complaint.  The Real Estate is a public accommodation with the definition of

8  Title III of the ADA, 42 USC § 12181.

9     37. The website provided by the Defendant is a service, privilege or

10  advantage and extension of Real Estate physical presence and terrestrial

11  services.

12     38. When a business provides services such as a website, it must provide an

13  accessible website.

14     39. Here, an accessible website has not been provided.  A failure to provide

15  an accessible website is unlawful discrimination against persons with

16  disabilities.

17     40. Under the ADA, it is an act of discrimination to fail to ensure that the

18  privileges, advantages, accommodations, facilities, goods and services of any

19  place of public accommodation is offered on a full and equal basis by anyone

20  who owns, leases, or operates a place of public accommodation. *See*: 42 U.S.C.

21  § 12182(a). Discrimination is defined, inter alia, as follows: "A failure to make

22  reasonable modifications in policies, practices, or procedures, when such

23  modifications are necessary to afford goods, services, facilities, privileges,

24  advantages, or accommodations to individuals with disabilities, unless the

25  accommodation would work a fundamental alteration of those services and

26  facilities. 42 U.S.C. § 12182(b)(2)(A)(ii)."

27     41. Here, the failure to ensure that the accessible facilities were available

28  and ready to be used by the plaintiff is a violation of the law.

Complaint

42. Pursuant to 42 U.S.C. § 12188 and the remedies, procedures and rights set forth and incorporated therein, Plaintiff requests relief as set forth below.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

43. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.  The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California.  Cal. Civ. Code §51(b).

44. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act.  *Cal. Civ. Code* § 51(f).

45. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

46. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. *Cal. Civ. Code* § 55.56(a)-(c).

47. Pursuant to 42 U.S.C. § 12188 and the remedies, procedures and rights set forth and incorporated therein, Plaintiff requests relief as set forth below.

**PRAYER**:

Complaint

1    Wherefore, Plaintiff prays that this Court award damages and provide
2  relief as follows:
3    1. A Declaratory Judgment that at the commencement of this action
4  Defendants were in violation of the requirements of the ADA due to
5  Defendants' failures to take action to ensure that its Website was fully
6  accessible to and independently usable by blind and visually-impaired
7  individuals.
8    2. For equitable nominal damages for violation of civil rights. See
9  Uzuegbunam v. Preczewski, 141 S.Ct. 792 (2021) and any other equitable
10  relief the Court finds appropriate.
11    3. Pursuant to 42 U.S.C § 12181, a preliminary and permanent injunction
12  enjoining Defendants from violating the ADA with respect to its Website.
13    4. Damages under the Unruh Civil Rights Act § 51[2], which provides for
14  actual damages and a statutory minimum of $4,000 for each offense.
15    5. Reasonable attorney fees, litigation expenses and costs of suit, pursuant
16  to 42 U.S.C. § 12205; and *Cal. Civ. Code* § 52.
17
18  Dated: September 8, 2021          CENTER FOR DISABILITY ACCESS
19
20
21                                    By: _____
22                                    Russell Handy, Esq.
23                                    Attorney for Plaintiff
24
25
26  _____
27  [2] Note: the plaintiff is not invoking section 55 of the California Civil Code and
28  is not seeking injunctive relief under the Disabled Persons Act at all.

Complaint